United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY M. BARTLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK N.A., et al.,<br><br>    Defendants. | Case No. 17-cv-00712-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REMAND**<br><br>Docket No. 9 |

Plaintiff Roy M. Bartlett has filed suit against Defendants Citibank, N.A. and Citimortgage, Inc. (collectively, "Citi"); Northwest Trustee Services, Inc. ("NTS"); and Marcia Patera. The suit is a foreclosure-related action. All Defendants have made an appearance except for NTS. The case is somewhat unusual in that it was removed by Ms. Patera (proceeding pro se), but now it is another defendant, Citi, who is moving for a remand, *i.e.*, instead of the plaintiff Mr. Bartlett.

Having considered the parties' briefs and accompanying submissions,[1] as well as all other evidence of record,[2] the Court hereby finds the matter suitable for disposition without oral argument. The hearing on the remand motion is **VACATED**, and Citi's motion is **GRANTED**.

---

[1] Ms. Patera filed an untimely opposition. Nevertheless, in the interest of justice, the Court shall consider the substance of Ms. Patera's opposition, particularly as it does not appear that Citi has been unduly prejudiced as a result.

The Court also considers Ms. Patera's sur-reply. *See* Docket Nos. 24-25 (sur-reply and supporting request for judicial notice). Admittedly, the sur-reply should be stricken under Civil Local Rule 7-3(d), which provides that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with limited exceptions that are not applicable. Civ. L.R. 7-3(d). But, as above, in the interest of justice, the Court considers the brief.

[2] In its reply, Citi has objected to certain portions of Ms. Patera's declaration in support of her opposition. For purposes of this opinion, the Court need not rule on the objections because, even considering the entirety of the declaration, Ms. Patera's opposition to remand lacks merit.

## I. FACTUAL & PROCEDURAL BACKGROUND

Based on the evidence of record, it appears as follows.

In December 2013, Mr. Bartlett initiated the instant action in state court (Contra Costa Superior Court, No. C 13-02611). *See* Docket No. 1 (Ex. A) (complaint). He asserted various state law claims against Citi and NTS only (not Ms. Patera). In his complaint, he alleged that he and Ms. Patera were joint owners of certain real property in Alamo, and that the two took out three different mortgage loans from Citi. *See* Docket No. 1 (Ex. A) (Compl. ¶¶ 1, 14, 18, 19). According to Mr. Bartlett, Citi wrongfully sought to foreclose on the real property.

Subsequently, it appears that Mr. Bartlett amended the complaint several times. The second amended complaint ("SAC") was filed in August 2016. *See* Docket No. 1 (Ex. B) (SAC). In this pleading, Mr. Bartlett continued to assert state claims only. However, Mr. Bartlett now added Ms. Patera as a defendant to the lawsuit. Mr. Bartlett stated as follows with respect to Ms. Patera's being named in the suit:

> Patera is being added as a party defendant pursuant to court order and court determination that she is a necessary and/or indispensable party. Patera jointly held title to the Property with Bartlett and was a co-borrower for the three subject loans. Bartlett is informed and believes that Patera's interests in the claims being asserted by Bartlett are similar to those of Bartlett. Bartlett invited Patera to voluntarily joint this action as a plaintiff with Bartlett, but Patera declined to do so. Instead, Patera has attempted to pursue separate litigation against Citibank and CitiMortgage. Citibank and CitiMortgage asserted that Patera is an indispensable party to this case and asked the Court to order that Bartlett add Patera as a party. Bartlett understands that California law requires Patera to be named as a nominal defendant rather than an involuntary plaintiff.

Docket No. 1 (Ex. B) (SAC ¶ 4).

The lawsuit filed by Ms. Patera, to which Mr. Bartlett referred in the above paragraph, appears to be either No. C-14-4533 JSC or No. C-16-2937 VC. In the first case (initiated in October 2014), Judge Corley granted Citi's motion to dismiss based on failure to state a claim and for failure to join a necessary and indispensable party (Mr. Bartlett) but gave Ms. Patera leave to amend. Ms. Patera filed an amended complaint, but Citi again moved to dismiss. Judge Corley granted the motion to dismiss without prejudice for failure to join a necessary and indispensable

1 party. Judge Corley added that she would not give leave to amend this time because "at oral

2 argument [Ms. Patera] did not represent that [Mr.] Bartlett would join this lawsuit; instead, it

3 appears that [Ms. Patera] and [Mr.] Bartlett are in a dispute. It is a dispute they will have to

4 resolve if they wish to pursue claims against Defendants arising from their jointly-obtained loan

5 and jointly-owned house." *Patera v. Citibank, N.A.*, No. C-14-4533 JSC (N.D. Cal.) (Docket No.

6 59) (Order at 4). The case thus terminated in May 2015.

7 In June 2016, Ms. Patera filed the second lawsuit against Citi (No. C-16-2937 VC). This

8 case was initially assigned to Judge Kim but then Judge Corley related the case to her earlier case

9 (No. C-14-4533). Subsequently, Ms. Patera declined to consent to a magistrate judge, and Judge

10 Corley issued a report and recommendation in which she recommended that Citi's motion to

11 dismiss the new lawsuit be granted, and without leave to amend. Judge Chhabria was then

12 assigned to the case. He adopted Judge Corley's R&R and entered a judgment against Ms. Patera

13 in September 2016. Ms. Patera has appealed that judgment to the Ninth Circuit. That appeal (No.

14 16-16583) is still pending.

15 In February 2017, Ms. Patera removed the instant case from Contra Costa Superior Court

16 to this Court. *See* Docket No. 1 (notice of removal). Citi subsequently filed the currently pending

17 motion to remand.

## II. DISCUSSION

### A. Request for a Stay

20 Before the Court addresses Citi's motion to remand, it addresses what appears to be a

21 request for stay filed by Ms. Patera. *See generally* Docket Nos. 6-8 (memorandum and

22 declarations). More specifically, Ms. Patera seems to be asking this Court to stay proceedings

23 pending a ruling by the Ninth Circuit in her appeal (No. 16-16583) of Judge Chhabria's case. *See*

24 Docket No. 6 (Patera Decl. ¶ 14) ("I have and am requesting stay in this case pending review and

25 remand from the Ninth Circuit . . . .").[3]

---

[3] To the extent Ms. Patera is asking this Court to prevent the state court from which this case was removed from taking further action on the case, the request is moot. The state court has continued proceedings before it because of the removal and pending this Court's ruling on Citibank's motion remand. *See* Docket No. 23 (Nguyen Decl., Ex. D) (Contra Costa Superior Court proceedings,

3

By asking this Court to stay proceedings pending an appeal in a different case, Ms. Patera is seeking what is commonly referred to as a *Landis* stay. *See ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321 EMC, 2008 U.S. Dist. LEXIS 109241, at *2 (N.D. Cal. Sep. 8, 2008) (stating that, where there is a request to stay proceedings pending an appeal in a different case, a party is making a request for a *Landis* stay). "A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. State of Cal.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). More particularly, the court must examine

> the competing interests which will be affected by the granting or refusal to grant a stay . . . . Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted).

Because Ms. Patera has failed to brief any of the above factors, the Court would well be within its authority to deny her request for a stay. Moreover, based on its own independent analysis, the Court sees no reason for a stay. The pending motion to remand does not address the merits of this case in any way; it simply resolves which forum the case should be in. There is no need to put that decision off, particularly, as discussed below, it is clear that there is no basis for removal jurisdiction.

B. <u>Legal Standard</u>

"In general, removal statutes are strictly construed against removal. A defendant seeking

---

item 5). Moreover, under 28 U.S.C. § 1446, the state court has no jurisdiction to act unless this Court remands. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal or a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal *and the State court shall proceed no further unless and until the case is remanded*.") (emphasis added).

4

removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)

In the instant case, Ms. Patera argues that removal was proper based on the following statutes: (1) 28 U.S.C. § 1441(a) (removal based on original jurisdiction such as federal question jurisdiction); (2) 28 U.S.C. § 1453 (removal of class actions); and (3) 28 U.S.C § 1443 (removal in civil rights cases). As discussed below, none of these arguments has merit.[4]

C.   Removal Based on § 1441(a)

Section 1441(a) provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over, *inter alia*, "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. This is commonly known as federal question jurisdiction. According to Ms. Patera, removal was proper in the instant case based on federal question jurisdiction.

Ms. Patera's position has multiple flaws.

First, Ms. Patera has not sufficiently shown that her removal was timely. *See id.* § 1446(b)(1) (providing that the notice of removal "shall be filed within 30 days after the receipt by

---

[4] The Court also notes that, arguably, Ms. Patera was not entitled to remove because removal may be effected by a defendant only, and, even though Mr. Bartlett named Ms. Patera as a defendant in the complaint, he did so only because it was his "understand[ing] that California law requires Patera to be named as a nominal defendant rather than an involuntary plaintiff." Docket No. 1 (Ex. B) (SAC ¶ 4). The Supreme Court has held that, "[f]or the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Chicago, R. I. & P. R. Co. v. Stude*, 346 U.S. 574, 580 (1954). *See, e.g.*, *Andis v. EMC Mortg. Corp.*, No. 5:11-cv-171(CAR), 2011 U.S. Dist. LEXIS 91986, at *7 (M.D. Ga. Aug. 17, 2011) (noting that, under *Stude*, "a state's procedural provisions cannot govern the privilege of removal granted by a federal statute"; adding that, even though Liberty was procedurally added to the case as an involuntary plaintiff, the court "must dependently determine whether Liberty is in fact a defendant in this action that can remove a case"). Here, even though there appears to be some kind of dispute between Mr. Bartlett and Ms. Patera, the two individuals' interests are aligned with respect to the dispute involving Citi. This arguably makes Ms. Patera more of an involuntary plaintiff rather than a defendant, no matter what the state procedural law required.

For the remainder of this opinion, however, the Court assumes that Ms. Patera is a defendant for purposes of the removal statutes.

the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons . . . , whichever period is shorter"). The instant case was initiated in state court in December 2013. The SAC naming Ms. Patera was filed in August 2016 . Ms. Patera did not remove until February 2017, *i.e.*, multiple months later. This appears well past the thirty days contemplated by § 1446(b)(1). At the very least, Ms. Patera does not allege that was served within thirty days of her removal petition.

Second, even if Ms. Patera's removal were deemed timely, there are independent grounds that preclude removal pursuant to § 1441(a). For example, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served *must join in or consent to the removal of the action*." *Id.* § 1446(b)(2)(A) (emphasis added). Here, Ms. Patera removed but did not get the consent of other defendants – in particular, Citi – to the removal. Consequently, her removal to federal court was not proper.

Moreover, Ms. Patera's removal was predicated on federal question jurisdiction, but her invocation of federal question jurisdiction is based on federal claims that *she* is asserting, *see, e.g.*, Not. of Removal ¶ 21 (alleging that Ms. Patera "is unable to enforce her rights under 42 U.S.C. § 1983, ECOA, the Fair Housing Act and civil rights protections"), and not on any claims that *Mr. Bartlett* has asserted in his complaint. Under well-established law, removal cannot be based on a defendant's counterclaim or defense; rather, removal depends on what has been asserted in the plaintiff's complaint. *See Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Accordingly, the fact that Ms. Patera may have federal claims is not a basis for removal.

Finally, to the extent Ms. Patera suggests that Mr. Bartlett's state law claims are preempted by federal law, thus providing a potential basis for federal jurisdiction, *see Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (stating that "[c]omplete

6

preemption removal [as opposed to, *e.g.*, conflict preemption] is an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim'"), she has made only a conclusory argument to that effect. *See* Opp'n at 2 (arguing that "protections under RESPA and ECOA (Fair Housing Act civil rights laws) . . . preempt Bartlett's state law claims"). Moreover, there is no basis for complete preemption so as to afford federal jurisdiction.

Accordingly, Ms. Patera has failed to meet her burden in showing that § 1441 removal was appropriate.

D.  Removal Based on § 1453

Although Ms. Patera did not mention § 1453 removal in her notice of removal, she did so in papers subsequently filed with the Court. *See* Docket No. 7 (Patera's Memo. at 2) (arguing that Ms. Patera's "request for removal also meets requirements under 28 U.S.C. § 1453"). This argument, however, fares no better than the one above.

First, as above, there appears to be a timeliness problem with Ms. Patera's removal.

Second, aside from the timeliness issue, § 1453 relates to removal of class actions. Mr. Bartlett has never asserted any class claims, and therefore § 1453 is patently inapplicable to the instant case.

E.  Removal Based on § 1443

Finally, Ms. Patera asserts § 1443 removal. Section 1443 provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Like the arguments above, Ms. Patera's argument based on § 1443 is without merit.[5] Removal under § 1443(2) is not applicable to the instant case because that provision "'is available only to federal officers and to persons assisting such officers in the performance of their official duties,' and to state officers." *Sankary v. Ringgold*, 601 Fed. Appx. 529, 530 (9th Cir. 2015) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966)).

As for removal under § 1443(1), the Ninth Circuit has stated as follows:

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." "Second, petitioners must assert that the state courts will not enforce that right, *and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.*" *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (emphasis added). Assuming, without deciding, that Ms. Patera's petition for removal met the first prong of § 1441(a), it did not meet the second prong. Although Ms. Patera has claimed that the state courts will not enforce her federal rights, that allegation is not supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore federal rights. To the extent Ms. Patera suggests that removal is "justified, even in the absence of a discriminatory state enactment," because there is "an equivalent basis . . . for an equally firm prediction that [s]he would be 'denied or cannot enforce' the specified federal rights in the state court," *Georgia v. Rachel*, 384 U.S. 780, 804 (1966), Ms. Patera has failed to show that her situation falls within the scope *Rachel*. That a

---

[5] For purposes of this opinion, the Court assumes that removal here was timely under § 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3) (providing that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). According to Ms. Patera, the instant case was not removable under § 1443 until a state appellate court issued an order in this case in January 2017, *see* Docket No. 1 (Ex. D) (order) – an order that effectively demonstrated that she would not be able to enforce her federal rights in state court.

1 state appellate court may have issued a ruling unfavorable to her, *see* Docket No. 1 (Ex. D) (order) (denying Ms. Patera's request to stay proceedings in the instant case and in another state court case[6]), or that the state trial court may have made rulings on the case while Ms. Patera had a disqualification motion pending, *see* Not. of Removal ¶ 18, does not amount to a "clear prediction" that she cannot enforce her federal rights in the state court system. *Rachel*, 384 U.S. at 804.

F. Citi's Request for Attorney's Fees and Costs

Because Ms. Patera has failed to show that removal was justified under § 1441(a), § 1453, or § 1443, a remand to the Contra Costa Superior Court is necessary. The Court thus grants Citi's motion for a remand.

The final issue for the Court to decide is Citi's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). In its opening brief, Citi represented that it had incurred $4,500 in fees and costs in opposing removal and seeking remand and expected to incur an additional $2,700, for a total of $7,200. *See* Mot. at 11.

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As reflected by the language of the statute, whether or not to award fees is left to the trial court's discretion. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136, 139 (2005) (rejecting argument that, under § 1447(c), there is a strong presumption in favor of awarding fees). The Supreme Court has noted that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at

---

[6] That case, also filed in Contra Costa Superior Court, was numbered No. C-10-00067. As with the instant case, Ms. Patera removed that case to federal court. *See Bartlett v. Patera*, No. 16-3913 SBA (N.D. Cal.). In the complaint against Ms. Patera, Mr. Bartlett asked for partition by sale of the interests in the real property co-owned by him and Ms. Patera. Judge Armstrong remanded the case to state court in July 2016. It appears that the remand took place after the state court ordered a short sale of the property in January 2016. *See* Def.'s RJN, Ex. D (state court order, dated January 2016, enforcing settlement agreement between Mr. Bartlett and Ms. Patera, which required a short sale of the real property).

9

140. It has further noted as follows:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141.

In the instant case, Ms. Patera's removal was not objectively reasonable. Nevertheless, that fact does not require an award of fees to Citi; as indicated above, the Court still has discretion. In the instant case, the Court, in the exercise of its discretion, concludes that a fee award is not warranted. Ms. Patera's pro se status must be taken into consideration in evaluating Citi's fee request. *See, e.g.*, *Wells Fargo Bank, N.A. v. Cargado*, No. 12-cv-01663 NC, 2012 U.S. Dist. LEXIS 87729, at *7 (N.D. Cal. June 1, 2012) (stating that, "'[i]n determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation'"); *OneWest Bank, FSB v. Sanchez*, No. C 10-00936 SI, 2010 U.S. Dist. LEXIS 88880, at *4-5 (N.D. Cal. Aug. 5, 2010) (holding that, "[i]n view of defendants' pro se status, the Court declines to order an award of the fees and costs associated with the removal"). The Court also takes into account that there is no indication that Ms. Patera removed in bad faith – *e.g.*, to prolong the litigation or to impose unnecessary costs on Citi.

*Manna Ministry Center v. Adrian*, No. Civ. 11-4145-KES, 2012 U.S. Dist. LEXIS 7193 (D.S.D. Jan. 23, 2012), is an instructive case. There, the court acknowledged that the defendants "may have lacked an 'objectively reasonable basis for seeking removal,'" but stated that "they cannot be expected to evaluate the merits of their legal contentions as effectively as represented parties" and the plaintiff "has not alleged that the [defendants] acted in bad faith in seeking to

10

remove the action or that they sought to prolong the litigation or increase the costs of [the plaintiff]." *Id.* at *14-15. Under these circumstances, the court declined to award fees under § 1447(c), and the Court reaches the same conclusion here. Accordingly, Citi's fee request is denied.

### III. CONCLUSION

For the foregoing reasons, the Court grants Citi's motion to remand but denies its request for fees. The Clerk of the Court is instructed to remand in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: April 19, 2017

_____
EDWARD M. CHEN
United States District Judge